IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH OWENS, ) | | |
| on behalf of Plaintiff and the class members ) | | |
| described below, ) | | |
| ) | | |
| Plaintiff, ) | | 24-cv-1946-SEB-MJD |
| ) | | |
| vs. ) | | |
| ) | | |
| BLUECHIP FINANCIAL, doing business as ) | | |
| SPOTLOAN, ) | | |
| SAMUEL ADRIAN SPRATT, and ) | | |
| and JOHN DOES 1-20, ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFF'S MOTION TO STAY PENDING SEVENTH CIRCUIT RULING**

Plaintiff Seth Owens ("Plaintiff") respectfully moves this Court to stay this action pending the decision from the Seventh Circuit in the matter of *Harris, et al. v. W6LS, Inc., et al,* 24-2056. In *Harris*, the issues on appeal concern, *inter alia*: (1) whether an arbitration agreement and delegation provision were unenforceable because they operated in tandem with a choice of no law clause to effect a prospective waiver of state statutory rights; (2) whether the prohibition on prospective waiver (effective vindication) doctrine of statutory rights applies to state statutes as well as federal; (3) whether the loan agreement expressly directs the arbitrator not to apply state law; (4) whether the Tribe has jurisdiction to prescribe rules of contract law for transactions carried out over the internet with borrowers in distant states who do not set foot on Tribal lands; (5) whether the only law which authorizes the arbitration and delegation agreement is state law, which is expressly disclaimed in the agreement; and (6) whether the arbitration and delegation provisions are an unconscionable attempt to evade non-waivable state law.  Plaintiff contends that the same issues presented on appeal in

1

*Harris* are present in this matter and seeks to stay this matter pending resolution of the appeal. In support thereof, Plaintiff states as follows:

1. This matter was filed on November 5, 2024. (*Dkt. No. 1*) Plaintiff alleges that Defendant Bluechip Financial makes loans over the internet to residents of Indiana that greatly exceed the 36% rate cap Indiana enacted. Plaintiff also alleges that Defendants Bluechip Financial and Samuel Adrian Spratt (collectively, "Defendants") attempt to evade the rate cap through a "rent-a-tribe" arrangement. Plaintiff alleges that Bluechip Financial's loan agreements provide for arbitration and direct the arbitrator to apply tribal law and federal law even though the Indiana Uniform Consumer Credit Code prohibits waiver by the consumer. Plaintiff's complaint alleges violations of the IUCCC and of the Racketeer Influenced and Corrupt Organizations Act.

2. Defendants Bluechip Financial and Samuel Adrian Spratt (collectively, "Defendants") filed a motion to compel arbitration on February 20, 2025. (*Dkt. No. 13*)

3. Defendants' motion asks the Court to rely on its prior decision in *Walton v. Uprova Credit LLC*, 722 F.Supp.3d 722 (S.D. Ind. 2024), and compel Plaintiff's claims to arbitration. In *Uprova*, the Plaintiff relied in part on the prospective waiver doctrine to challenge arbitrability.

4. Plaintiff here alleges that in an attempt to evade the IUCCC, Defendant Bluechip Financial's loan agreements provide for arbitration and direct the arbitrator to apply "the laws of the Tribe and U.S. Federal law." (*Dkt. No. 1-1*, Page 6 of 44) Plaintiff further alleges that the combined effect of the arbitration agreement and a choice of law provisions that purports to require application of law prohibited by Indiana law (IUCCC) is illegal and an unconscionable waiver of statutory rights.

5. *Uprova* rejected the prospective waiver doctrine and held that "the plain language [of the agreement] reveals neither waiver nor disavowal of federal law, and, accordingly, cannot fairly be construed as prospectively waiving a potential claimant's statutory rights and remedies." *Uprova*, 722

2

F.Supp 3d at 835.  In reaching this conclusion, the *Uprova* court stated that the decision in *Viking River Cruises Inc. v. Moriana*, 593 U.S. 639 (2022), did not mention the prospective waiver doctrine.  *Id.* at 837.

6. However, the briefs in *Viking River* expressly raised the issue of whether the prospective waiver doctrine applies to state statutes.  In any event, the *Uprova* decision never became final.

7. In *Uprova*, Plaintiff moved for reconsideration or 28 U.S.C. 1292(b) certification.  *See Dkt. No. 44* in *Uprova*.  While the motion was pending, the parties settled.  *See Dkt. No. 53* in *Uprova.*

8. The district court in *Harris v. W6LS, Inc.*, 23cv16429, 2024 U.S. Dist. LEXIS 91687 (N.D. Ill. May 22, 2024), respectfully disagreed with the decision in *Uprova,* and denied a motion similar to the Defendants' in this matter.  *Uprova* relied on the fact that *Viking River* did not use the "prospective waiver" or "effective vindication" language in prior decisions.  But nothing requires the current Supreme Court to use the same terminology as prior courts.

9. Oral argument was heard in the *Harris* matter on February 12, 2025, and the appeal is currently pending under advisement.

10. Since the decision in *Harris* is likely to be dispositive on the issues presented in Defendants' motion to compel, it would be efficient for the Court and the parties to stay this matter pending resolution in *Harris*.

11. The arbitration and governing law provisions at issue in *Harris* provide: "THE LOAN AND THIS AGREEMENT ARE **NOT GOVERENED BY THE LAW OF YOUR STATE** OF RESIDENCE OR ANY OTHER STATE. … **ANY DISPUTE** YOU HAVE RELATED TO THIS AGREEMENT **WILL BE RESOLVED BY FINAL AND BINDING ARBITRATION**. …" (*Dkt. No. 26*, p. 13, in *Harris*, 24-2056).  "'**Applicable Law**, as that term is

defined your Loan Agreement,'" i.e., **Tribal and federal law**, but not the law of any state." *Id.* (emphasis added)

12. The arbitration and governing law provisions at issue in this case provide: "**Any dispute under this Loan Agreement will be decided under the Binding Arbitration Clause** and Jury Trial Waiver…". (*Dkt. No. 1-1* in *Owens*, Page 5 of 44, PageID #21) "…[T]his **Loan Agreement**, your loan with us, and any and all aspects of our relationship including all claims or causes of action … shall be subject to, **governed by and enforced in accordance with the laws of the Tribe and U.S. Federal law**." and that "…the **laws of the Tribe will apply rather than the laws of your state** or any other state." (*Dkt. No. 1-1* in *Owens*, Page 6 of 44, PageID #22) (emphasis added)

13. A stay is appropriate under the Court's inherent powers under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is warranted, courts consider the following factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burned of litigation on the parties and the Court." *Branyan v. Def. Fin. Acct. Serv.*, 23-cv-372, 2023 U.S. Dist. LEXIS 207287, at *-3-4 (S.D. Ind. Nov. 17, 2023), citing *Cook Inc. v. Endologix, Inc.,* 09-cv-1248, 2010 U.S. Dist. LEXIS 4906 (S.D. Ind. Jan. 21, 2010); *Knauf Insulation, LLC v. Johns Manville Corp.,* 15-cv-111, 2020 U.S. Dist. LEXIS 131193, at *8 (S.D. Ind. July 24, 2020) citing *King Sheng Co. v. Hollywood Eng'g, Inc.*, 2018 U.S. Dist. LEXIS 20742, at *8 (S.D. Ind. Feb. 8, 2018). The purpose of a stay "is to minimize the costs of error.*" A&F Enters., Inc. II v. IHOP Franchising LLC*, 742 F.3d 763, 766 (7th Cir. 2014).

14. Courts have discretion to defer to another federal proceeding involving common parties and issues in order to avoid duplicative litigation and conserve judicial resources. *Trippe Mfg. Co. v. Am. Power Conversion Co.,* 46 F.3d 624, 629 (7th Cir. 1995). "The parties and issues in two suits need not

be identical for a court to stay proceedings in one suit pending a decision in another." *Kothyar v. Univ. of Chi. Med. Ctr.*, 17-cv-4729, 2017 U.S. Dist. LEXIS 197167, at *6 (N.D. Ill. Nov. 30, 2017). Although *Harris* involves the application of Illinois law, while this matter involves the application of Indiana law, both Illinois and Indiana have enacted statutes providing that (a) a loan made over the internet to a consumer residing in the state is subject to the usury law of that state and (b) the consumer cannot agree to its non-application through a choice of law clause or otherwise.

15. A stay is appropriate under the Court's inherent powers, because awaiting a decision in *Harris* will not unduly prejudice Defendants. Rather, a stay will simplify the issues presented before the Court as the decision in *Harris* is binding on this Court. Further, a stay will reduce the burden of litigation on the parties and on the Court. Any prejudice to the Defendants is outweighed by the potential harm to Plaintiff and the interest of avoiding inconsistent decisions.

16. Defendants will suffer no prejudice because of the requested stay. The Seventh Circuit has already heard oral argument in *Harris*. A decision is likely forthcoming in the next several months and a stay is therefore reasonable given this timeframe and warranted under the Court's inherent powers.

17. A stay will simplify the issues and streamline the case. The issues presented in *Harris* are nearly identical to the issues presented here in that there is a threshold question concerning arbitration based on language in a loan agreement. The language at issue in *Harris* is nearly identical to the language presented in this matter. Thus, a stay would serve judicial economy and is warranted under the Court's inherent powers.

18. The Seventh Circuit's decision in *Harris* will set the parameters for how this Court should rule on the pending motion to compel arbitration. A stay pending this decision would therefore

reduce the burden of litigation, and the requested stay is warranted under the Court's inherent powers.

19. Plaintiff's counsel contacted Defendants' counsel in advance of filing this motion and Defendants oppose the relief sought in this motion.

WHEREFORE, for the foregoing reasons, this court should stay this action pending the Seventh Circuit decision in *Harris, et al. v. W6LS, Inc., et al,* 24-2056 (7th Cir.).

          Respectfully submitted,

          *s/ Heather Kolbus*
          Heather Kolbus

Daniel A. Edelman
Heather Kolbus
Alexandra Huzyk
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200

## **CERTIFICATE OF SERVICE**

      I, Heather Kolbus, hereby certify that on Friday, February 28, 2025, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF online system, which sent notice via email to all counsel of record.

                                                                /*s/ Heather Kolbus*
                                                                Heather Kolbus

Daniel A. Edelman
Heather Kolbus
Alexandra Huzyk
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200